Chief Justice Robertson,
delivered the opinion of the court.
This, writ of error is prosecuted in the name of the casual ejector, to reverse a judgment by default in an action of ejectment on the demise of parties. The suit was instituted in the Fleming circuit court, and the judgment was rendered by the Bath circuit court, to which the venue had been changed by order of a circuit judge, by the .application of the defendant or the plaintiff.
As George Muse, the tenant in possession, had not been entered defendant, he was no party, and therefore, fhe notice to him of the application for a change of venue was in law a nullity. III Bibb, 433.
Indeed, it is difficult to conceive how a change venue could be necessary or proper in an action of ejectment, where there is no actual defendant; for if no defendant be made, judgment by default must-be the necessary consequence.
Denny, for plaintiff; Triplett, for defendant.
The order for changing the venue was therefore ineffectual, and the circuit court of Bath had’ no j»- ‘ risdiction.
Wherefore, the judgment is reversed, and the cause remanded with instructions to remoye it to the Fleming circuit court.